UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                   NO. 01-071

DONALD JOSEPH REAUX                      SECTION: "R"

**ORDER**

Before the Court is petitioner Donald Joseph Reaux's Motion to Recall Mandate.  For the following reasons, petitioner's motion is TRANSFERRED to the United States Court of Appeals for the Fifth Circuit.

On August 1, 2001, petitioner was found guilty of bank robbery and of using a firearm during a crime of violence, in violation of 18 U.S.C. §§ 2113(a) and 924(c)(1).  The Court sentenced petitioner to a term of 57 months on the bank robbery charge and a term of 84 months on the firearm charge, the sentences to be served consecutively.

In November 2001, petitioner filed a timely notice of appeal.  In November 2002, the Fifth Circuit Court of Appeals affirmed petitioner's convictions.  *See United States v. Reaux*,

No. 01-31379 (5th Cir. Nov. 13, 2002).  The Supreme Court denied Reaux's petition for writ of certiorari on March 31, 2003.

On August 15, 2003, petitioner filed a motion to vacate, correct or set aside his sentence under 28 U.S.C. § 2255.  The Court denied petitioner's motion on April 7, 2004, and petitioner again appealed to the Fifth Circuit.  On August 24, 2004, the Fifth Circuit dismissed petitioner's appeal for want of prosecution.

Petitioner filed his current motion on July 28, 2005.  Petitioner's current motion seeks to set aside his sentence and conviction on two grounds that he has not previously raised.  Specifically, petitioner claims: (i) that the U.S. Attorney unconstitutionally used peremptory challenges to remove jurors on the basis of race, see *Batson v. Kentucky*, 476 U.S. 79 (1986); and (ii) that his sentence is unconstitutional in light of *United States v. Booker*, 125 S.Ct. 738 (2005).  Although styled as a motion to recall an unspecified mandate, the Court finds that petitioner's motion is properly characterized as a successive motion for relief under 28 U.S.C. § 2255.  *See Gonzalez v. Crosby*, 125 S.Ct. 2641, 2647-48 (2005) (stating that a motion under Fed. R. Civ. P. 60(b) that adds a new ground for relief may appropriately be treated as successive habeas application); *United States v. Rich*, 141 F.3d 550, 551-52 (5th Cir. 1998).

Before a successive § 2255 application can be considered by

this Court, petitioner must obtain authorization from the Fifth Circuit.  *See* 28 U.S.C. §§ 2244, 2255.  Until petitioner obtains such authorization, this Court cannot consider his motion.  *See Rich*, 141 F.3d at 553.  Accordingly, the Court transfers petitioner's motion to the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether to authorize petitioner to file a successive § 2255 application.

     New Orleans, Louisiana, this __16th__ day of August, 2005.

                          *Sarah Vance*
                          SARAH S. VANCE
                   UNITED STATES DISTRICT JUDGE